# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-60652
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2018

Lyle W. Cayce
Clerk

————

ERICA N. STEWART,

Plaintiff−Appellant,

versus

BELHAVEN UNIVERSITY,

Defendant−Appellee.

————

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:16-CV-744

————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

This is an appeal only of sanctions, assessed as $100 to the plaintiff client

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and $500 to her lawyer.  The question is whether the plaintiff and attorney destroyed or spoiled or failed to produce evidence, which consisted of messages stored on the plaintiff's phone.

The district court explained the sanctions in a convincing order that found "a pattern of deception" that included a "discovery violation and false statements."  The court explained that counsel had received a letter demanding him to "preserve and sequester" the phone.  The defendant "was therefore surprised to learn . . . that the phone had broken and was no longer in [plaintiff's] possession [but] had been taken . . . to a local AT&T store [where] she purchased a new phone."  "In her deposition, [plaintiff] could not explain how some of the text messages were deleted from her phone before they were shared with the EEOC."  "When [she] *did* search her iCloud, moreover—. . . she identified new, material, and important evidence.  That . . . directly contradicts [her] earlier sworn statement that she had produced everything to [the defendant]."

The order granting monetary sanctions is AFFIRMED, essentially for the reasons given by the district court.